UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEAN JENDUSA,

        Plaintiff,

v.                                            Case No.

JODI BERTRAU and THE JODEN
GROUP, INC.,

        Defendants.

---

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTION; JURY DEMAND

For her Complaint against defendants Jodi Bertrau ("Bertrau") and The JoDen Group, Inc. ("JoDen"), plaintiff Jean Jendusa ("Jendusa") states as follows:

### INTRODUCTION

### PARTIES, JURISDICTION, AND VENUE

1.     Jendusa is an individual domiciled in Lake County, Illinois. At all times relevant to this Complaint, Jendusa was a director and shareholder of JoDen.

2.     JoDen is a Michigan corporation with its principal office located in Ingham County, Michigan.

3.     Bertrau is an individual domiciled in Ingham County, Michigan. At all times relevant to this Complaint, Bertrau was a director and shareholder of JoDen.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. This Court possesses personal jurisdiction over the parties.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## FACTS COMMON TO ALL COUNTS

### JoDen's Corporate History

7. JoDen is currently developing a mobile application that makes essential medical billing technology instantly available to health care practitioners outside of their brick and mortar offices.

8. On or about August 8, 2014, Bertrau and Dennis Kocsis ("Kocsis") incorporated JoDen.

9. Bertrau claims ownership of 500 shares of JoDen. Kocsis also agreed to purchase shares in JoDen, but has never paid for those shares.

10. On or about December 5, 2014, Bertrau made a proposal to Jendusa, under which Jendusa would, among other things, (i) purchase shares of JoDen stock, (ii) become a member of JoDen's Board of Directors, and (iii) become JoDen's Chief Marketing Officer.

11. On or about December 25, 2014, Jendusa accepted the offer and purchased 500 shares of JoDen for $75,000.

12. On or about January 30, 2015, Jendusa, Bertrau, Kocsis, and JoDen entered into a Shareholders Agreement. A true and correct copy of the Shareholders Agreement is attached hereto as Exhibit A.

13. On or about January 30, 2015, JoDen also adopted Bylaws (the "Bylaws"). A true and correct copy of the Bylaws is attached hereto as Exhibit B.

14. On or about March 2, 2015, at the request of Bertrau, Jendusa agreed to purchase an additional 500 JoDen shares.

15. During the period from March through November, 2015, Jendusa invested an additional $24,500 into JoDen for the purchase of stock and for loans.

16. As of the date of this Complaint, Jendusa owns 1,000 shares of JoDen and Bertrau claims ownership of 500 shares. No other JoDen shares are outstanding.

**Bertrau's Misappropriation of JoDen Funds**

17. Bertrau has charged at least $12,000 to the corporate debit card for personal items at Kroger and Meijer's among other retailers, including her and her family's Verizon Wireless bills, monthly beauty cream, and various other personal items.

18. Upon information and belief, Bertrau also paid herself more than $29,000 in cash from JoDen's funds, which was not in return for services to JoDen.

**Bertrau's Refusal to Provide Information About JoDen**

19. Bertrau has sole possession of all of JoDen's corporate records.

20. Jendusa has requested JoDen's financial statements on several occasions, including October 22, 2015, December 19, 2015, December 24, 2015, December 28, 2015, December 30, 2015, and January 8, 2016. Bertrau, however, has refused to produce them.

21.     On or about January 26, 2016, Bertrau stated that she would produce JoDen's financial statements for the first three quarters of 2015 to Jendusa's attorney, but would do so only under the express condition that Jendusa's attorney neither give Jendusa a copy nor show them to Jendusa's accountants.

22.     On or about January 26, 2016, Jendusa requested to see all of JoDen's corporate documents pursuant to Section 6.4 of the Bylaws. Bertrau, however, refused to produce any further documents.

23.     Upon information and belief, Bertrau is in possession of documents upon which the financial statements are based, including invoices, receipts, and bank statements, which Bertrau has refused to produce.

24.     Bertrau instructed JoDen's accountants and vendors in 2015 to hide information from Jendusa.

### Bertrau's Other Oppressive Conduct

25.     In fall of 2015, Bertrau unilaterally appointed herself the Chief Executive Office, the Chief Operating Officer, Product Manager, Project Manager, and Treasurer. Bertrau's actions were in violation of Article IV of the Bylaws, which required a vote from JoDen's board of directors.

26.     On or about January 11, 2016, Bertrau transferred all data from Jendusa's corporate e-mail account to Bertrau's corporate e-mail account. Soon thereafter, Bertrau shut off Jendusa's corporate e-mail account. After repeated demands, Bertrau reestablished the e-mail account, but limited its connectivity, with the result that Jendusa is often unable to access the account.

27. Bertrau has attempted to retaliate against Jendusa for asserting her rights with respect to JoDen by contacting Jendusa's vendors, clients and prospects and disparaging Jendusa's business acumen to those vendors, clients and prospects in an attempt to cause those vendors, clients and prospects to cease doing business with Jendusa.

28. Bertrau has refused to recognize, and prevented JoDen from issuing, the additional 500 shares JoDen purchased in March through November 2015. As a result, Bertrau and JoDen have frustrated Jendusa's right, pursuant to Section 1.8 of JoDen's bylaws, to call a Special Meeting and vote to remove Bertrau as a director.

## COUNT I
## EMBEZZLEMENT AND CONCEALMENT OF EMBEZZLED PROPERTY
(Against Bertrau)

29. Jendusa incorporates by reference paragraphs 1 through 28 of this Complaint.

30. Under M.C.L. § 600.2919a(1)(b), a plaintiff may recover treble damages from a person who buys, receives, possesses, conceals, or aids in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

31. Bertrau knowingly received, possessed, concealed and aided in the concealment of JoDen's assets.

32. At the time Bertrau appropriated JoDen's assets, she knew they were the converted property of JoDen.

33. Jendusa demanded that Bertrau cease taking assets from JoDen and return the assets she had already appropriated.

34. Despite Jendusa's demands, Bertrau refused to return the assets or to cease taking JoDen's assets.

35. Jendusa has been damaged by Bertrau's theft, embezzlement and conversion and concealment of the theft, embezzlement and conversion of JoDen's assets.

WHEREFORE, Jendusa respectfully requests that this Honorable Court issue an order and judgment:

 (a) awarding Jendusa damages in the amount no less than $123,000;

 (b) awarding Jendusa her costs, including reasonable attorney fees, incurred in obtaining the Court's order; and

 (c) awarding such other relief as the Court deems appropriate.

## COUNT II
## DECLARATORY JUDGMENT
### (Against All Defendants)

36. Jendusa incorporates by reference paragraphs 1 through 28 of this Complaint.

37. Bertrau refuses to recognize that Jendusa owns any more than 500 shares.

38. Bertrau's actions have made it futile for Jendusa to call a Special Meeting to remove Bertrau as a JoDen Director.

WHEREFORE, Jendusa respectfully requests that this Honorable Court issue an order and judgment:

 (a) declaring Jendusa owns 1,000 JoDen shares and Bertrau owns, at most, 500 JoDen shares;

 (b) declaring Jendusa owns at least 66.67% of the outstanding shares of JoDen;

 (c) declaring Jendusa has a right to call a Special Meeting pursuant to Section 1.2 of the Bylaws;

(d) declaring Jendusa, as the majority shareholder, has a right to remove Bertrau as a Director at the Special Meeting;

(e) awarding Jendusa her costs, including reasonable attorney fees, incurred in obtaining the Court's order; and

(f) awarding such other relief as the Court deems appropriate.

## COUNT III
## REMOVAL OF DIRECTOR UNDER M.C.L. § 450.1514
### (Against Both Defendants)

39. Jendusa incorporates by reference paragraphs 1 through 28 of this Complaint.

40. M.C.L. § 450.1514 provides that the Court may, in an action brought by a shareholder holding at least ten (10%) percent of the common stock of such corporation, remove one or more directors of the corporation if the Court finds that such director engaged in activity that was fraudulent, illegal, dishonest or was a gross abuse of authority or discretion with respect to the corporation, and where removal of such director(s) is in the best interest of the corporation.

41. Jendusa owns more than 10% of JoDen's outstanding shares.

42. Bertrau's conduct, as discussed above, is fraudulent, illegal, dishonest, and a gross abuse of authority or discretion with respect to JoDen.

43. Removal of Bertrau as director of JoDen would serve the best interests of JoDen in that it will stop the misappropriation of JoDen's assets and the improper withholding of the corporation's financial documents. Such documents are also necessary for JoDen to obtain additional investors.

WHEREFORE, Jendusa respectfully requests that this Honorable Court issue an order and judgment:

(a) removing Bertrau as a Director of JoDen;

(b) awarding Jendusa her costs, including reasonable attorney fees, incurred in obtaining the Court's order; and

(c) awarding such other relief as the Court deems appropriate.

## COUNT IV
## BREACH OF FIDUCIARY DUTY (COMMON LAW)
### (Against Bertrau)

44. Jendusa incorporates by reference paragraphs 1 through 28 of this Complaint.

45. This count is pled in the alternative pursuant to Fed.R.Civ.P. 8(d)(2).

46. Bertrau, as a director of JoDen, has exercised control and direction over the management of JoDen.

47. As an officer and director of JoDen, Bertrau owes and continues to owe to Jendusa, as a JoDen shareholder, fiduciary duties of good faith, due care, loyalty and honesty by virtue of her common law obligations, the trust reposed by Jendusa in Bertrau to operate JoDen in good faith, and Bertrau's superior knowledge and control of the current financial operation of JoDen.

48. Bertrau is also a fiduciary because all of the funds which were misappropriated by her were entrusted to her by Jendusa.

49. Bertrau has breached her fiduciary obligations by, among other actions:

(i) Diverting corporate funds to her own personal bank accounts;

(ii) Using the corporate credit card for her personal expenses;

(iii) Self-dealing by, upon information and belief, directing JoDen to make interest-free loans to herself;

(iv) Intentionally failing to complete JoDen's 2015 financials to show the amount of interest-free loans she obtained from JoDen and/or to provide information necessary to obtain investors;

 (v) Directing JoDen's vendors and accountants to keep financial information from Jendusa;

 (vi) Withholding JoDen's corporate documents from Jendusa to, upon information and belief, cover up her use of corporate funds;

 (vii) Hiring family members and diverting JoDen's corporate funds to those individuals;

 (viii) Turning off Jendusa's corporate e-mail.

50. As a direct and proximate result of Bertrau's breaches of her fiduciary duties, Jendusa has suffered damages.

WHEREFORE, Jendusa respectfully requests that this Honorable Court issue an order and judgment:

 (a) awarding Jendusa damages in the amount of $99,500;

 (b) awarding Jendusa her costs, including reasonable attorney fees, incurred in obtaining the Court's order;

 (c) declaring that Bertrau has forfeited her shares in JoDen due to her illegal self-dealing;

 (d) In the alternative, declaring that Jendusa is the sole voting shareholder and director of JoDen; and

 (e) awarding such other relief as the Court deems appropriate.

### COUNT V
### ACCOUNTING
### (Against Bertrau)

51. Jendusa incorporates by reference paragraphs 1 through 28 and 44 through 50 of this Complaint.

52. Bertrau was required to hold all of JoDen assets (all of which were contributed by Jendusa as capital) in trust.

53. A fiduciary must account to a beneficiary for the property held in trust for that beneficiary.

WHEREFORE, Jendusa respectfully requests that this Honorable Court issue an order and judgment:

(a) Order Bertrau to account for all transactions involving JoDen from incorporation until the current date;

(b) Order Bertrau to account for all monies she borrowed and/or otherwise appropriated from JoDen's assets;

(c) Order Bertrau to account for all distributions she made to herself from JoDen's assets; and

(d) Awarding such other relief as the Court deems appropriate.

### COUNT VI
### SHAREHOLDER OPPRESSION UNDER M.C.L. § 450.1489
### (Against Bertrau)

54. Jendusa incorporates by reference paragraphs 1 through 28 of this Complaint.

55. This count is pled in the alternative pursuant to Fed.R.Civ.P. 8(d)(2).

56. M.C.L. § 450.1489 provides that a shareholder may bring an action to establish that the acts of some or all of the directors of a Michigan corporation are illegal, fraudulent, or willfully unfair or oppressive to the corporation or the shareholder.

57. Bertrau's conduct is "illegal, fraudulent or willfully unfair or oppressive" to Jendusa's interests.

58. The conduct alleged in this Complaint has resulted in irreparable damage to Jendusa by the loss of the right to profit or benefit as a JoDen shareholder.

59. The conduct described above has resulted in irreparable damage to Jendusa by the loss of dividends.

60. The conduct described above has resulted in irreparable damage to Jendusa by the loss of value of her interest in JoDen as a shareholder.

61. The conduct described above has resulted in irreparable damage to Jendusa by the continued exposure to liability of Jendusa as a director of JoDen, based on Bertrau's misdeeds.

62. M.C.L. § 450.1489(1) authorizes the Court to "make an order or grant relief as it considers appropriate."

63. M.C.L. § 450.1489(1)(c) authorizes the Court to order "[t]he cancellation, alteration, or injunction against a resolution or other act of the corporation."

64. M.C.L. § 450.1489(1)(d) authorizes the Court to order "[t]he direction or prohibition of an act of the corporation or of shareholders, directors, officers, or other persons party to the action."

65. M.C.L. § 450.1489(1)(f) authorizes the Court to order "an award of damages to the corporation or a shareholder."

WHEREFORE, Plaintiff Jean Jendusa respectfully requests that this Honorable Court issue an order and judgment:

(a) awarding Jendusa damages in the amount of $99,500;

(b) awarding Jendusa her costs, including reasonable attorney fees, incurred in obtaining the Court's order;

(c) declaring that Bertrau has forfeited her shares in JoDen due to her illegal self-dealing;

(d) In the alternative, declaring that Jendusa is the sole voting shareholder and director of JoDen; and

(e) awarding such other relief as the Court deems appropriate.

## COUNT VII
## APPLICATION FOR ORDER COMPELLING
## INSPECTION OF BOOKS AND RECORDS UNDER M.C.L. § 450.1487
(Against JoDen)

66. Jendusa incorporates by reference paragraphs 1 through 28 of this Complaint as if stated fully herein.

67. On February 4, 2016, Jendusa made a final written demand for inspection of JoDen's records. A true and correct copy of the written demand is attached hereto as Exhibit C.

68. Jendusa has fully complied with M.C.L. § 450.1487 respecting the form and manner of making demand for inspection of the documents. Jendusa also has the right to inspect all of JoDen's documents pursuant to Section 6.4 of the Bylaws.

69. Under M.C.L. § 450.1487, Jendusa, as both a JoDen director and shareholder, possesses an absolute and unconditional right to the documents requested in the written demands for books and records.

70. Under M.C.L. § 450.1487, Jendusa seeks the documents requested in the written demands for books and records.

71. Pursuant to Section 6.4 of the Bylaws, JoDen had the duty to make the documents available for inspection and copying at a reasonable time.

72. Pursuant to M.C.L. § 450.1487(3), the Company had five (5) business days after every request to permit the inspection requested by Jendusa. JoDen, however, has objected to the production of the requested documents and, upon information and belief, will not permit the requested inspection.

73. Accordingly, Jendusa is entitled to an Order permitting the requested production and inspection.

74.     No permissible legal grounds exist for the Company to withhold the requested documents.

WHEREFORE, Plaintiff Jean Jendusa respectfully requests that this Honorable Court issue an order and judgment:

(a)     compelling JoDen to immediately produce and make available for inspection and photocopying all of its documents, books, records and materials pursuant Section 6.4 of the Bylaws;

(b)     compelling JoDen to preserve all documents, books, records, and materials in their present state and condition;

(c)     compelling JoDen to preserve all electronic data in its present state;

(d)     under M.C.L. § 450.1487(5), awarding Jendusa her costs, including reasonable attorney fees, incurred in obtaining the Court's order; and

(e)     awarding such other relief as the Court deems appropriate.

Respectfully Submitted,

JEAN JENDUSA

By: /s/ Geoffrey A. Fields
Geoffrey A. Fields (P41788)
Dickinson Wright PLLC
200 Ottawa NW, Suite 1000
Grand Rapids, Michigan 49503
(616) 336-1017

Keith E. Allen
Allen Law Group, Ltd.
4320 Winfield Road, Suite 200
Warrenville, Illinois 60555
(630) 836-8495
[W.D.Mich. bar application forthcoming]

## JURY DEMAND

Plaintiff Jean Jendusa demands a jury trial.

                                        Respectfully Submitted,

                                        JEAN JENDUSA

                                        By: */s/ Geoffrey A. Fields*
                                               Geoffrey A. Fields (P41788)
                                        Dickinson Wright PLLC
                                        200 Ottawa NW, Suite 1000
                                        Grand Rapids, Michigan 49503
                                        (616) 336-1017

                                        Keith E. Allen
                                        Allen Law Group, Ltd.
                                        4320 Winfield Road, Suite 200
                                        Warrenville, Illinois 60555
                                        (630) 836-8495
                                        [W.D.Mich. bar application forthcoming]

GRAPIDS 99999-200 397753v1